UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Covenant Imaging, LLC | ) | 3:20-CV-00593 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Viking Rigging & Logistics, Inc., et al, | ) | |
| *Defendants*. | ) | September 9, 2020 |

# ORDER DENYING DEFENDANT PIONEER'S MOTION TO STAY DISCOVERY (ECF NO. 113)

Kari A. Dooley, United States District Judge

This action arises out of an allegedly botched delivery of an MRI machine. Plaintiff Covenant Imaging, LLC ("Covenant") purchased the MRI machine and arranged for it to be delivered from Connecticut to a facility in North Carolina through Defendant Viking Rigging & Logistics, Inc. ("Viking"). Covenant allegedly later learned that Defendant Pioneer Transfer, LLC ("Pioneer") and Defendant Eagle Express Inc. ("Eagle") were hired by Viking to assist with the delivery. Previously, Pioneer moved to stay discovery in this matter until the Court ruled on Pioneer's then anticipated motion to dismiss to which Covenant objected. The Court denied Pioneer's motion to stay without prejudice to reconsideration after Pioneer's motion to dismiss was actually filed and fully briefed. Herein, the Court, *sua sponte*, reconsiders Pioneer's motion to stay discovery. For the reasons that follow, Pioneer's motion is DENIED.

**Background and Procedural History**

Relevant to the pending motion, on August 8, 2019, Covenant brought this action against Viking in the Southern District of Florida. By amended complaint dated November 26, 2019, Covenant joined Pioneer as a defendant. Though Pioneer did not appear until January 6, 2020, Covenant served requests for production on Pioneer in December 2019. However, Pioneer was not

required to respond to the discovery because the court granted Pioneer's motion to dismiss for lack of personal jurisdiction on February 14, 2020. Thereafter, on April 30, 2020, on Covenant's motion, this matter was transferred to the District of Connecticut. On May 20, 2020, Covenant filed a motion to amend the amended complaint to cite in Pioneer as a defendant once again, which the Court granted. Covenant filed its second amended complaint ("SAC") naming Pioneer as a defendant on June 3, 2020. Therein, Covenant asserts two counts against Pioneer: (1) violation of the Carmack Amendment, 49 U.S.C. § 14706, and (2) negligence.

Pioneer appeared in this action on June 12, 2020, and Covenant re-served its discovery on Pioneer on June 22, 2020. Thereafter, Pioneer filed a motion to dismiss, which is now fully briefed. Accordingly, the Court, as it indicated it would, *sua sponte* reconsiders the motion to stay.

**Standard of Review**

Rule 26(c) provides, in relevant part, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery[.]" FED. R. CIV. P. 26(c)(1)(A). "[A] request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018) (internal quotation marks omitted). Importantly, "[t]he party seeking the stay bears the burden of showing that good cause exists for its request." *Id*.

Generally, it is not the practice of this Court to stay discovery upon the filing of a motion to dismiss. *See Kollar v. Allstate Ins. Co.*, No. 3:16-CV-01927 (VAB), 2017 WL 10992213, at *1 (D. Conn. Nov. 6, 2017) ("[T]his Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending."). Indeed, the Court's Standing

Order on Pretrial Deadlines states that "[t]he filing of a motion to dismiss **shall not** result in a stay of discovery or extend the time for completing discovery." (emphasis added) (ECF No. 84). However, "[w]here a party seeks a stay of discovery pending resolution of a dispositive motion, the Court considers (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Stanley Works*, No. 3:17-CV-01765 (CSH), 2018 WL 1960112, at *2 (internal quotation marks omitted).

**Discussion**

Pioneer argues that it should not be subjected to lengthy and expensive discovery given the strength of its motion to dismiss. Pioneer further asserts that Covenant will not be prejudiced by a stay because the case has only been pending before this Court for a few months. Covenant responds that it will be prejudiced by further delay in discovery; that this case has been pending for almost a year and that Pioneer was first served discovery by Covenant in December 2019. Covenant also asserts that the requests are narrowly tailored so as to limit any burden on Pioneer in responding. Finally, Covenant argues that Pioneer has not shown that its motion to dismiss is clearly meritorious and that, in any event, Pioneer will be subject to non-party discovery as it played a critical role in the events giving rise to this dispute.

Beginning with the strength of Pioneer's motion to dismiss, it does not appear that there is a strong likelihood that Pioneer's motion to dismiss will be granted in its entirety. *See*, *e.g.*, *Moss v. Hollis*, No. CIV. B-90-177 (PCD), 1990 WL 138531, at *1 (D. Conn. June 29, 1990) ("Absent a strong showing that any such motions to dismiss would be successful, defendants' motion [to stay discovery] is denied."). As to the Carmack Amendment claim, Pioneer principally argues that Covenant failed to adequately plead that Pioneer was a "carrier." Instead, according to Pioneer, Covenant solely pleaded that Pioneer was a "broker." Therefore, because the Carmack

3

Amendment applies to carriers, but not to brokers, Covenant's Carmack Amendment claim should be dismissed. After reviewing Covenant's SAC, it is not as clear as Pioneer would assert that Covenant failed in this regard. A closer examination is required and will be undertaken in connection with the adjudication of the motion to dismiss. But even if the Court were to ultimately agree with Pioneer, the Court would likely give Covenant the opportunity to replead its Carmack Amendment claim against Pioneer to clarify its allegations or to plead in the alternative.

As to the negligence claim, Pioneer argues that negligence claims brought against brokers are preempted by federal law. Covenant, on the other hand, argues that Pioneer's preemption argument is not as straight-forward as Pioneer suggests and that, even if federal law preempts some claims, the specific theory of negligence brought by Covenant is not preempted by federal law. Both Pioneer and Covenant have cited to case law which the Court will examine closely when considering Pioneer's motion to dismiss. However, upon initial review, the only sure thing is that Pioneer's preemption argument is not so obviously correct that the Court would deem it appropriate to stay discovery.

In any event, "[c]ourts in [the Second Circuit] have denied stay applications when motions to dismiss are pending if the moving defendants would be subject to non-party discovery even if they were to be dismissed from the case." *Aguilar v. Immigration & Customs Enf't Div. of United States Dep't of Homeland Sec.*, No. 07CIV8224JGKFM, 2011 WL 13258226, at *2 (S.D.N.Y. Jan. 11, 2011). Covenant alleges that Pioneer played a significant role in the transportation of the MRI machine to North Carolina. In addition, the affidavit of Pioneer's Chief Operating Officer, filed with the motion to dismiss, states that Pioneer was engaged by Viking to arrange the transportation of the MRI and that Pioneer then arranged for transportation of the MRI by Eagle. (*See* ECF No.

4

123-3 ¶¶ 5–6). It is therefore clear that Pioneer would be subject to non-party discovery even if the Court granted its motion to dismiss.

As to the breadth of the discovery, Pioneer does little more than complain that it must participate in any discovery. (*See*, *e.g.*, ECF No. 115 at 2 ("The defendant should not be a party to this case and, as such, should not be required to expend time and resources undertaking discovery.")). However, "[n]ormal discovery in a limited matter does not alone rise to the level of good cause." *Guiffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016). The issues in this case relate to a discreet transaction in the shipping of the MRI machine. This does not portend either expansive or burdensome discovery. And on its face, the discovery already served does not appear to be overly broad or unduly burdensome. To the extent Covenant is of a different view, it may object in the normal course.

Finally, the Court concludes that Covenant would be prejudiced by delay. The circumstances discussed above reveal that Covenant has been trying to obtain information from Pioneer, a significant actor in the events at issue, for many months and to no avail. And as noted, even if the Court grants Pioneer's motion to dismiss, there is near certainty that Pioneer will be subject to non-party discovery to the same extent as if it remained a party. Postponing the inevitable will only inure to Covenant's detriment.

**Conclusion**

For the foregoing reasons, Pioneer has not established good cause for staying discovery pending adjudication of its motion to dismiss. Upon reconsideration, the motion is therefore DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of September 2020.

                                    */s/ Kari A. Dooley*
                                    KARI A. DOOLEY
                                    UNITED STATES DISTRICT JUDGE